[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11642
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 15, 2010
JOHN LEY
CLERK

D.C. Docket No. 2:09-cr-00044-WKW-WC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE JAMES HASLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(October 15, 2010)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Willie James Hasley pled guilty to possession of a firearm by a convicted

felon, in violation of 18 U.S.C. § 922(g)(1), and the district court sentenced him to prison for term of 18 months, at the low end of the Guidelines sentencing range of 18 to 24 months. Hasley appeals his sentence on two grounds. First, the district court erred in refusing to reduce his base offense level of 14 by six levels pursuant to U.S.S.G. § 2K2.1(b)(2) because he possessed the firearm for a lawful sporting purpose. According to Hasley, the court should have granted him the reduction because he was hunting raccoons, a lawful game animal, with a weapon lawful for hunting such an animal and in raccoon hunting season. Second, his sentence is substantively unreasonable because the court improperly considered offenses for which he was arrested but never convicted and his personal characteristics, including the facts that he dropped out of high school in the 11th grade, has an IQ of 51, and has been classified as mildly mentally retarded and as a schizophrenic, mitigated in favor of a lower sentence.

I.

Section 2K2.1 of the Guidelines applies to firearm offenses, including possession of a firearm by a convicted felon. U.S.S.G. § 2K2.1(a). In relevant part, § 2K2.1 provides that, "[i]f the defendant . . . possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition, decrease the

offense level determined above to level 6." U.S.S.G. § 2K2.1(b)(2). The commentary to the Guidelines provides that, "lawful sporting purposes or collection [i]s determined by the surrounding circumstances . . . includ[ing] the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history (e.g., prior convictions for offenses involving firearms), and the extent to which possession was restricted by local law." U.S.S.G. § 2K2.1, comment. (n.6). A district court should review all of these surrounding circumstances when determining the applicability of § 2K2.1(b). *United States v. Skinner*, 968 F.2d 1154, 1156 (11th Cir. 1992).

We find no clear error in the district court's finding that Hasley did not possess the shotgun and ammunition "solely for lawful sporting purposes." As an initial matter, the evidence regarding Hasley's hunting violations under Alabama law and additional prior hunting violations was undisputed. Although Hasley argues that, in applying § 2K2.1(b), a court should focus primarily on the lawfulness of the sporting activity, including whether the game hunted could lawfully be hunted, whether the firearm possessed could be used to hunt that game, and whether the game was in season, the Guidelines expressly requires the court to consider a broader list of factors, including "the number and type of

3

firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history (e.g., prior convictions for offenses involving firearms), and the extent to which possession was restricted by local law." U.S.S.G. § 2K2.1 comment. (n.6). Because Hasley's interpretation would have required the court to ignore a number of relevant circumstances listed in the Guidelines, his argument fails.

Hasley was cited for, and pled guilty to, several Alabama hunting violations committed while he was possessing the shotgun, including hunting and trapping without a license. The undisputed facts demonstrate that his hunting activity was in violation of state law; hence, the court did not err in denying him the § 2K2.1(b)(2) base offense level reduction.

## II.

We determine whether a sentence is substantively unreasonable under the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 56, 128 S.Ct. 586, 600, 169 L.Ed.2d 445 (2007). Our review is deferential. If, as here, the sentence is within the Guidelines sentencing range, we ordinarily expect that it is reasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

When reviewing a sentence for reasonableness, we evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing

4

under 18 U.S.C. § 3553(a)(2).  *Id*. at 788. While a district court is required to evaluate all of the § 3553(a) factors, it is permitted to attach greater weight to one factor over others.  *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009), *cert. denied*, 129 S.Ct. 2847 (2009).  Thus, a defendant's personal disagreement with the court's assessment of one or more of the factors will not be a sufficient reason to vacate as unreasonable a district court's careful consideration of the § 3553(a) factors.  *See United States v. Valnor*, 451 F.3d 744, 752 (11th Cir. 2006).

Hasley has failed to demonstrate that his sentence is unreasonable.  The record establishes that the court considered his arguments and all of the § 3553(a) factors, and it sufficiently set forth a reasoned basis for its sentence.  His position that the court should not have considered his prior arrests that did not result in convictions, is meritless.  *Shaw*, 560 F.3d at 1232-35, 1239-40.

AFFIRMED.